## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2019, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew F. Kite
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy H. Dean,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 19, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1692<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1708-F5-224 |

**Tavitas, Judge.**

## Case Summary

Jeremy Dean appeals his sentence, received pursuant to his guilty plea, for two counts of dealing in cocaine or a narcotic drug, Level 5 felonies; dealing in a synthetic drug or look-a-like substance, a Level 6 felony; maintaining a common nuisance, a Level 6 felony; and dealing in a synthetic drug or look-a-like substance, a Class A misdemeanor. We affirm.

## Issue

Dean raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

On July 26, 2017, Dean delivered cocaine and more than five grams of "a synthetic drug or synthetic drug look-a-like" to a confidential informant ("CI"). Appellant's App. Vol. II p. 25. On July 31, 2017, Dean also delivered cocaine and "a synthetic drug or synthetic drug look-a-like" to the same CI. *Id.* at 29. During a search of Dean's home on August 2, 2017, police found drug paraphernalia, in the form of a pipe, and approximately ten used syringes.

On August 8, 2017, Dean was charged with Count I, dealing in cocaine or a narcotic drug, a Level 5 felony, as a result of the July 26th transaction; Count II, dealing in cocaine or narcotic drug, a Level 5 felony, as a result of the July 31st transaction; Count III, dealing in a synthetic drug or a synthetic drug look-a-like substance, a Level 6 felony, for the second substance delivered to the CI during the July 26th transaction; Count IV, maintaining a common nuisance, a Level 6

felony, for maintaining the illegal substances in his home on August 2nd; and Count V, dealing in a synthetic drug or a synthetic drug look-a-like substance, a Class A misdemeanor, for the second substance delivered to the CI during the July 31st transaction.

[5] On September 25, 2017, Dean pleaded guilty to all five counts. At the guilty plea hearing, Dean testified that the look-a-like substance he sold was "commonly known as spice." Tr. Vol. I p. 11. Dean waived his right to be sentenced within thirty days, and Dean was placed in the Allen County drug court program on September 25, 2017. On April 23, 2018, while still enrolled in the drug court program, Dean tested positive for spice. Accordingly, on May 10, 2018, the drug court filed a petition to terminate Dean's participation in the drug court program. The trial court granted the petition and revoked Dean from the drug court program. Dean's attorney stated that Dean denied that he took spice, but "[Dean] did take responsibility for the fact that the substance was in his system, as reflected on the drug test, which was positive." Tr. Vol. II p. 7.

[6] At sentencing on June 28, 2018, the trial court found Dean's extensive criminal history to be an aggravating factor, "with failed efforts at rehabilitation covering a period of time from 1995 to 2018." *Id.* at 9. The trial court found, as mitigating factors, Dean's guilty plea and Dean's remorse. Dean was sentenced to a period of five years for Count I, five years for Count II, two years for Count III, two years for Count IV, and one year for Count V. The trial court ordered

the sentences to be served concurrently, but consecutively to the sentence Dean was serving for a separate conviction.[1] Dean now appeals.

## Analysis

Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied*.

In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

---

[1] Dean was convicted of resisting law enforcement, a Class A misdemeanor, in Cause No. 02D06-1702-CM-752, and was sentenced on March 28, 2017.

[9]     We look to the statutory ranges established for the classification of the offenses. Dean pleaded guilty to Count I, dealing in cocaine or narcotic drug, a Level 5 felony; Count II, dealing in cocaine or narcotic drug, a Level 5 felony; Count III, dealing in a synthetic drug or look-a-like substance, a Level 6 felony; Count IV, maintaining a common nuisance, a Level 6 felony; and Count V, dealing in a synthetic drug or look-a-like substance, a Class A misdemeanor. The sentence for a Level 5 felony ranges from one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. The sentence for a Level 6 felony ranges from six months to two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7. The sentence for a Class A misdemeanor may not exceed one year. I.C. § 35-50-3-2. Dean was sentenced to five years for Count I; five years for Count II; two years for Count III; two years for Count IV; and one year for Count V, with the sentences to run concurrently.

[10]    We first review the nature of Dean's offense. Dean pleaded guilty to all five counts after he delivered illegal substances, on two separate occasions, to the CI. A few days later, several items of paraphernalia were discovered in Dean's residence.

[11]    Next, we consider Dean's character. Dean has a lengthy criminal history which does not reflect well upon his character. Dean was adjudicated as a delinquent for an act that would be considered possession of marijuana, hash oil, or hashish if committed by an adult, and an act that would be considered public intoxication if committed by an adult, a Class B misdemeanor. Dean's pre-

sentence investigation report notes that, as an adult, Dean has eight prior felony convictions and nine prior misdemeanor convictions.[2]  Dean has convictions for minor in possession of alcohol, a Class C misdemeanor; check deception, a Class A misdemeanor; receiving stolen property, a Class D felony; two convictions for possession of marijuana, hash oil, or hashish, Class D felonies; domestic battery, a Class A misdemeanor; operating a vehicle while intoxicated, a Class A misdemeanor; operating while suspended, a misdemeanor[3]; resisting law enforcement, a Class A misdemeanor; invasion of privacy, a Class A misdemeanor; violation of a no-contact order as a condition of probation related to the invasion of privacy, a Class D felony; two convictions for domestic battery, Class D felonies; strangulation, a Class D felony; theft, a Class D felony; resisting law enforcement, a Class A misdemeanor; and driving while suspended, a Class A misdemeanor. Additionally, according to the pre-sentence investigation report, Dean's probation has been revoked three times, his sentences have been modified twice, and his probation was extended four times.

[12]     Dean's numerous convictions span both violent offenses and previous drug offenses.  While Dean's expression of remorse and his guilty plea may reflect

---

[2] The pre-sentencing investigation report summary indicates that Dean had ten misdemeanor convictions; however, one of the charges is never identified in the report, so we have excluded that charge from our consideration.

[3] The pre-sentence investigation report did not indicate the type of misdemeanor; however, we assume it was a Class A misdemeanor pursuant to Indiana Code Section 9-30-10-16.

well upon his character, they do not outweigh his extensive criminal history for purposes of sentencing. While Dean was sentenced to the maximum sentence for Count V, and nearly the maximum sentence for the remaining counts, Dean's sentences were ordered to run concurrently, resulting in five years executed for the five separate offenses, three of which are felonies. Under these circumstances, we are not persuaded that Dean's sentence is inappropriate.

## Conclusion

[13] Dean has failed to prove his sentence is inappropriate. We affirm.

[14] Affirmed.

Baker, J., and May, J., concur.